AO 245B   (Rev. 3/01) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

| Western | District of | Pennsylvania |
|---|---|---|

| UNITED STATES OF AMERICA V. | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| MICHAEL MARBURGER | Case Number:    07-00146-001 |
| | Michael O'Day |
| | Defendant's Attorney |

## THE DEFENDANT:

x   pleaded guilty to count(s)    1 of the Information.

☐   pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐   was found guilty on count(s) _____
   after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2314 | Transportation of Stolen Goods | 7/28/06 | 1 |

      The defendant is sentenced as provided in pages 2 through    5    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s) _____

☒   Count(s)    2-66    ☐ is   ☒ are   dismissed on the motion of the United States.

☐   The mandatory special assessment is included in the portion of this Judgment that imposes a fine.

X   It is Ordered that the defendant shall pay to the United States a special assessment of    $100    which shall be due immediately.

      IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

09435-068

Defendant's USM No.

September 4, 2007

Date of Imposition of Judgment

_Donetta F. Ambrose_
Signature of Judicial Officer

Donetta W. Ambrose, Chief United States District Judge
Name and Title of Judicial Officer

9-17-07
Date

Judgment — Page ___2___ of ___5___

DEFENDANT:        Marburger
CASE NUMBER:   07-00146-001

# IMPRISONMENT

X    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

    37 months.

X    The court makes the following recommendations to the Bureau of Prisons:

    Incarceration as close to the Chicago, IL area as possible.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

Judgment—Page ___3___ of ___5___

DEFENDANT:          Marburger
CASE NUMBER:        07-00146-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 years.

While on supervised release, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by the court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

X    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐    The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is directed by the probation officer.

☐    The defendant shall participate in an approved program for domestic violence.

X    Additional conditions (See below)

*For offenses committed on or after September 13, 1994*:

     The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

Additional Conditions:

The defendant shall abstain from alcohol and attend AA meetings or such other treatment programs as directed by the probation office.

The defendant shall not illegally possess a controlled substance.

The defendant shall not possess a firearm, ammunition, destructive device, or other dangerous weapon.

The defendant shall participate in a mental health treatment program approved by the probation officer, until such time as the defendant is released from the program by the probation officer.

The defendant shall pay any remaining restitution through monthly installments of not less than 10 percent of his gross monthly income.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

DEFENDANT:        Marburger
CASE NUMBER:    07-00146-001

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1)    the defendant shall not commit another Federal, state or local crime;

2)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

3)    the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5)    the defendant shall support his or her dependents and meet other family responsibilities;

6)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7)    the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9)    the defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered;

10)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

Judgment—Page __5__ of __5__

DEFENDANT:      Marburger
CASE NUMBER:    07-00146-001

## RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT

X    The defendant shall make restitution to the following persons in the following amounts:

| NAME OF PAYEE | AMOUNT OF RESTITUTION |
|---|---|
| SEE ATTACHED | SEE ATTACHED |

Payments of restitution are to be made to:

☐    the United States Attorney for transfer to the payee(s).
X    Clerk, U. S. District Court, for transfer to the payee.

Restitution shall be paid:

☐    in full immediately.
☐    in full no later than
☐    in equal monthly installments over a period of          months.  The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
X    in installments according to the following schedule of payments:

Payments are initially to be made through the defendant's participation in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50 percent of his prison salary shall be applied towards the payment of restitution. Any remaining balance shall be a condition of supervised release.

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f) and may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

X    The Court has determined that the defendant does not have the ability to pay interest.  It is Ordered that:

    X    the interest is waived.
    ☐    the interest requirement is modified as follows:

Any payment shall be divided among the payees named unless otherwise specified here.

## FORFEITURE

☐    The defendant is ordered to forfeit the following property to the United States:

AO 245B     (Rev. 3/01) Judgment in a Criminal Case

Judgment—Page __1__ of __2__

DEFENDANT:        Marburger
CASE NUMBER:      07-00146-001

## RESTITUTION

It is ordered that the defendant shall pay restitution totaling **$1,625,350.30,**  payable to the individual victims as follows:

| NAME | ADDRESS | LOSS AMOUNT |
|------|---------|-------------|
| UPMC McKeesport Hospital<br>Attn: Raymond Niccolai | 1500 Fifth Avenue<br>McKeesport, PA 15132 | $63,000.00 |
| DuBois Regional Medical Center<br>Attn: Robert Laborde | Maple Avenue<br>DuBois, PA  15801 | $46,035.00 |
| Altoona Regional Health System<br>Attn: James Glasson, Security | 2500 7th Avenue<br>Altoona, PA 16602 | $43,816.00 |
| West Penn Hospital<br>Attn: Lynn Chabalis | 4800 Friendship Avenue<br>Pittsburgh, PA 15224 | $65,000.00 |
| UPMC St. Margaret Hospital<br>Attn: James Lowman, Security | 815 Freeport Rd.<br>Pittsburgh, PA 15215 | $104,000.00 |
| VA Medical Center<br>Attn: Detective Paul Shumaker | University Drive "C"<br>Pittsburgh, PA 15240 | $60,300.00 |
| East Ohio Regional Hospital<br>Attn: Staci Butkus, RN, BSN | 90 North Fourth Street<br>Martins Ferry, OH 43935 | $49,782.00 |
| Butler Memorial Hospital<br>Attn: Mark Edwards, Security | 911 East Brady Street<br>Butler, PA 16001 | $20,000.00 |
| Heritage Valley Health System<br>Sewickley Campus | 720 Blackburn Road<br>Sewickley, PA 15143 | $25,000.00 |
| St. Vincent Health Center*<br>Attn: James Doolittle, Security | 232 West 25th Street<br>Erie, PA   16544 | $25,000.00* |
| Mt. Nittany Medical Center<br>Attn: James Walker | 1800 East Park Avenue<br>State College, PA 17745 | $46,700.00 |
| University Hospital Health System Cleveland<br>Attn: Roz McKeon | 11100 Euclid Avenue<br>Cleveland, OH 44106 | $139,240.00 |
| Akron General Hospital*<br>Attn: Tonna Tyler | 400 Wabash Avenue<br>Akron, OH 44308 | $25,000.00* |

DEFENDANT:      Marburger
CASE NUMBER:    07-00146-001

| Armstrong Regional Hospital<br>Attn: Drew Mitchell, Manager | One Nolte Drive<br>Kittanning, PA 16201 | $103,680.00 |
|---|---|---|
| St. Vincent Charity Hospital<br>Attn: Joellen Horn | 2351 East 22nd Street<br>Cleveland, OH 44115 | $60,000.00 |
| University of Rochester<br>Medical Center<br>Attn: Noella Fagan | 1325 Mt. Hope Avenue, Suite 102<br>Rochester, NY 14620 | $39,453.50 |
| Lake Hospital<br>Attn: Betsey McCormick, Risk Manager | 10 East Washington Avenue<br>Painesville, OH 44077 | $78,678.00 |
| Page Memorial Hospital<br>Attn: Ann Hardinger, Risk Management | 200 Memorial Drive<br>Luray, VA 22835 | $19,350.00 |
| Marymount Hospital<br>Attn: Michael J. Habowski | 12300 McCracken Road<br>Garfield Heights, OH 44125 | $53,043.00 |
| Porter Hospital<br>Attn: Jim McClanahan,<br>Security Director | Valparaiso Campus<br>814 LaPorte Avenue<br>Valparaiso, IN 46383 | $60,000.00 |
| Summa Health System<br>Akron City Hospital<br>Attn: Linda Smith | 525 East Market Street<br>Akron, OH 44309 | $210,000.00 |
| United Hospital Center*<br>Attn: Rich Lilley, Security | P.O. Box 1680<br>3 Hospital Plaza<br>Clarksburg, WV 26302 | $25,000.00* |

*These facilities were insured by the Chubb Group of Insurance Companies, and their claims were paid by Chubb. They each had a $25,000 deductible for which they were responsible. The total owed to Chubb for these three victims is $263,272.80 for the following reimbursements: $23,960–St. Vincent Health Center; $29,300–Akron General Hospital; and $210,012.80–United Hospital Center. Payments may be forwarded to: Chubb Group of Insurance Companies, (Claim Nos. 040506125260, 040506100495, 047506047256), Claim Service Center, 600 Independence Parkway, P.O. Box 4700, Chesapeake, Virginia 23327-4700.